UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

E. CORNELL MALONE CORP.                              CIVIL ACTION

V.                                                   13-6807

CONTINENTAL CASUALTY CO., ET AL.                     SECTION "F"

ORDER

Before the Court is the defendants' motion to enforce the subcontract and stay these proceedings.  For the reasons that follow, the motion is GRANTED.

Background

This lawsuit arises from a public works construction project for a new elementary school in New Orleans.  Satterfield & Pontikes Construction Group, LLC (S&P), a defendant here, was the general contractor, and the State of Louisiana Department of Education, Recovery School District (RSD) was the owner for the project.  S&P entered into a public works construction contract for the project, the so-called Prime Contract, which listed April 12, 2012, as the original stipulated date for the substantial completion of the project.  The RSD extended the substantial completion date, initially issuing a Certificate of Substantial Completion on October 15, 2013, which was rescinded for allegedly unresolved punch list items.  Substantial completion was eventually filed on May 2, 2013, setting April 29, 2013, as the substantial completion date.

1

In connection with the Prime Contract, Continental Casualty Company and Liberty Mutual Insurance Company, the other two defendants here, as co-sureties issued a payment bond up to the sum of $18,598,500, naming the RSD as the obligee/Owner and S&P as the principal/Contractor.  E. Cornell Malone Corp.'s claims against Continental and Liberty concern payment claims for subcontract work it performed against the Bond.

In March 2011, S&P and Malone entered into a subcontract pursuant to which Malone was to provide certain labor and materials in connection with the elementary school construction project. Malone agreed to perform the "Wall Panel-Exterior" portion of the work.  Article 2 of the subcontract, entitled "Payment," states in pertinent part:

> d. If the Subcontractor is making satisfactory progress with the Work, . . . and if the Contractor, as a condition precedent to the Subcontractor's right to receive such payment, has received payment from the Owner for such Work, the Contractor will, subject to other provisions of this Subcontract, make monthly payments to the Subcontractor . . . . Subcontractor agrees to look solely to such funds received by Contractor from Owner for payments to Subcontractor hereunder.  As a clarification and further definition of the condition precedent for any and all payments under this Subcontract, the Subcontractor acknowledges and agrees that in the event payment is not made to Contractor for any reason, including but not limited to default by the Owner, Subcontractor shall look exclusively to Owner for payment of any and all funds due under this Subcontract, whether or not such non-payment is related to Subcontractor's work.  Subcontractor further agrees that delay in payment or non-payment by the Owner does not create any separate obligation of Contractor to pay regardless of the extent of the delay. . . .

> i. . . . In the event the Owner's nonpayment is due to Contractor's failure to meet its obligations set forth in the Prime Contract, and such failure is not due to Subcontractor's failure to meet its obligations pursuant to the Contract Documents, the Contractor accepts the risk of nonpayment by the Owner, and Subcontractor will be paid within a reasonable amount of time. In the event the Owner's nonpayment is due to any other reason, Subcontractor accepts the risk of nonpayment.

The principal amount of the subcontract was $1,185,000, but $508,248.50 remains unpaid. Malone filed suit against the sureties in December 2013, subsequently adding S&P. S&P filed a counterclaim against Malone. According to the defendants, the RSD found that Malone did not fully and satisfactorily perform its scope of the work pursuant to the terms of the subcontract. This provided part of the grounds for the RSD's rescinding the initial Certificate of Substantial Completion in 2012. In the punch list attached to the subsequent Certificate of Substantial Completion in 2013, the RSD lists the replacement and repair associated with the metal wall panels as incomplete and alleges that these deficiencies caused major delays in completing the project. The RSD is withholding payment to S&P for the allegedly defective wall panels.

Because the RSD is withholding payment from S&P, S&P brought suit against them in the 19th Judicial District Court for the Parish of East Baton Rouge. S&P seeks to recover from the RSD its Prime Contract balance, payment for change order, and payment for retainage, among other amounts. S&P contends that included within those claims are amounts that S&P has not been paid for its

3

subcontractors' work, including Malone's.  S&P and the sureties thus seek to stay these proceedings until the state court case is resolved.  Article 12(a) of the subcontract states that Malone is to be bound by the outcome of any dispute between S&P and the RSD:

> In the event of any dispute or claim between Contractor and Owner which directly or indirectly involves Subcontractor's Work, . . . Subcontractor agrees to be bound to Contractor by all decisions, findings or determinations, by [a] . . . court of competent jurisdiction[,] . . . whether or not Subcontractor is a party to the proceedings before said . . . court.

## I.

The district court has a general broad discretionary power to stay proceedings before it in the control of its docket and in the interests of justice.  <u>Clinton v. Jones</u>, 520 U.S. 681, 706-07 (1997); <u>United States v. Colomb</u>, 419 F.3d 292, 299 (5th Cir. 2005); <u>McKnight v. Blanchard</u>, 667 F.2d 477, 479 (5th Cir. 1982).  Nonetheless, because the authority to stay is "largely unreviewable, it must not be abused." <u>Coastal (Bermuda) LTD. v. E.W. Saybolt & Co., Inc.</u>, 761 F.2d 198, 203 n.6 (5th Cir. 1985).  Thus, in deciding whether to stay proceedings, a court "must weigh competing interests and maintain an even balance." <u>Landis</u>, 299 U.S. at 254-55.  A court may consider (1) any hardship imposed on the moving party by proceeding with the action, (2) any prejudice to the non-moving party if the stay is granted, and (3) the interests of judicial economy.  <u>Strong ex rel. Tidewater, Inc. v. Taylor</u>, No. 11-392, 2013 WL 81889, at *2 (E.D. La. Mar. 5, 2013); <u>Collins v.

Angiodynamics, Inc., 13-5431, 2013 WL 5781708, at *2 (E.D. La. Oct. 15, 2013).

## II.

The defendants contend that this proceeding should be stayed because of ongoing litigation in state court that directly affects this case.  Whether the RSD is refusing to pay S&P because of Malone's inadequate work is a centerpiece of the state court case. Malone's Subcontract with S&P states that under such conditions, Malone is bound by all decisions, findings and determinations in the matter between S&P and the RSD, whether or not Malone is a party to such action.  There is no final determination in that state court matter, so there can be no determination as to what Malone may be owed under the Subcontract.  Thus, pursuant to the Subcontract, Malone's action against the defendants should be stayed.

Malone responds with inapplicable abstention case law, contending that the defendants have made an insufficient showing for a stay.  Malone also claims that it would be prejudiced if this Court granted a stay, because Malone would not be able to assert its claims in the state court litigation because of peremption. Malone seems to confuse a stay with dismissal.  After the state court litigation, Malone will be able to pursue its claims here. This Court does not find any of Malone's prejudice arguments to be

persuasive.[1]

On the other hand, should this Court deny the defendants' request for a stay, the defendants could be faced with conflicting judgments.  The state court could find that the RSD needed to pay S&P, and thus that S&P needed to pay Malone, while this Court could find that Malone's shoddy work required no payment.

To avoid the risk of conflicting judgments, and because the defendants have carried their burden with no credible opposition from the plaintiff, the motion to stay this case is hereby GRANTED and the case is STAYED and administratively closed, to be reopened by timely motion of counsel, if necessary.


New Orleans, Louisiana, January 14, 2015

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1] Malone relies heavily on <u>Glencoe Educ. Foundation, Inc. v. Clerk of Court and Recorder of Mortgages for Parish of St. Mary</u>, 65 So. 3d 225 (La. App. 1 Cir. 2011), where the Louisiana First Circuit found that an owner's failure to pay the general contractor and the "pay if paid" clause in the subcontract did not prohibit a subcontractor who had performed satisfactorily to pursue a claim against the sureties on a payment bond.  There and in other cases cited by Malone, there was no dispute that the subcontractor had performed satisfactorily.  Here, however, Malone's performance is at the center of the state court litigation.  <u>Glencoe</u> is readily distinguishable, and this Court has before it no plausible argument that this case should go forward at the risk of conflicting judgments.

6